IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN
AND FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

SCARLETT REDENIUS,　　　　　　　　　CASE NO.: 23-CA-002573

　　　　Plaintiff,

vs.

WAL-MART STORES EAST, LP.,

　　　　Defendant.
_____/

## SECOND AMENDED COMPLAINT

　　　　Plaintiff, SCARLETT REDENIUS, by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES EAST, LP., alleges as follows:

　　　　1.　　This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

　　　　2.　　Plaintiff, SCARLETT REDENIUS, is a natural person residing in Lee County, Florida.

　　　　3.　　WAL-MART STORES EAST, LP., is a Florida profit Corpoation licensed to do business in the State of Florida.

　　　　4.　　At all times material hereto, Defendant, WAL-MART STORES EAST, LP., was the owner and in possession of that certain business located at 4770 Colonial Blvd, Fort Myers, Lee County, Florida, 33966 open to the public, including the Plaintiff herein.

　　　　5.　　On or about November 29, 2022, Plaintiff, SCARLETT REDENIUS, visited Defendants premises located at the above address as a business invitee and/or guest.

EXHIBIT A

6. At said time and place, Plaintiff was a lawful guest upon the premises of the Defendant, WAL-MART STORES EAST, LP., who owed Plaintiff a nondelegable duty to exercise care for her safety.

7. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

8. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the common area flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff, to wit: a dark colored transitory liquid on the floor.

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the walkways flooring, as specified above, to ascertain whether the walkways area floor, which was poorly maintained, constituted a hazard to patrons utilizing said area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the common area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the common area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

9. As a result, while Plaintiff was visiting Defendants business, she slipped and fell in a puddle of liquid substance on the floor of the store, sustaining significant personal injuries.

10. After Plaintiff had fallen to the floor she contacted the staff to make a report to the supervisor.

11. The transitory liquid substance existed on the floor for a long enough period of time such that the substance appeared dark in color and gritty in texture, such that Defendant should have reasonably discovered the condition in the ordinary course of business.

12. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, SCARLETT REDENIUS, sues the Defendant, WAL-MART STORES EAST, L.P., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff, SCARLETT REDENIUS, demands trial by jury on all issues triable as of right by jury.

Respectfully submitted this 13th day of June, 2023.

    _/s/Andres Hermida_
Andres Hermida, Esquire
FBN: 1010728
Morgan & Morgan
703 Waterford Way, Suite 1000
Miami, FL 33126
Telephone:   (305) 929-1912
Facsimile:   (305) 929-1930
Attorneys for Plaintiff
E-Mail: Ahermida@forthepeople.com
        JJaime@forthepeople.com